# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BROADCAST MUSIC, INC.,
INTERIOR MUSIC CORP., PAUL
SIMON MUSIC, STONE DIAMOND
MUSIC CORP., ZAWINUL MUSIC and
EMI BLACKWOOD MUSIC, INC.,

      **Plaintiffs,**

v.             Case No:   6:19-cv-1397-Orl-37EJK

DOMINICK'S TO GO OF WINTER
SPRINGS LLC, MARY COMMESSO
and DOMINIC COMMESSO,

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause came before the Court without oral argument on Plaintiffs' Motion for Final Default Judgment Against Defendants ("the Motion") (Doc. 17), filed November 20, 2019. Upon consideration, I respectfully recommend that the Motion be granted.

**I.   BACKGROUND**

Plaintiffs, Broadcast Music, Inc. ("BMI"); Interior Music Corp.; Paul Simon Music; Stone Diamond Music Corp; Zawinful Music, a Division of Gopam Enterprises, Inc.; and EMI Blackwood Music, Inc., pursuant to Federal Rule of Civil Procedure 55(b), seek a final default judgment against Defendants, Dominick's To Go of Winter Springs, LLC d/b/a Dominick's Restaurant ("Establishment"), Mary Commesso, and Dominic Commesso, jointly and severally for: (1) $15,249.00 in statutory damages; (2) $3,550.00 in attorneys' fees and costs, and (3) the entry of a permanent injunction prohibiting the unauthorized performance of musical compositions with BMI's repertoire at the Establishment. The Motion is accompanied by supporting

Declarations (Docs. 17-1, 17-2, 17-3) and a proposed Final Judgment (Doc. 17-4).

On July 29, 2019, Plaintiffs filed the Complaint against Defendants alleging six claims of willful copyright infringement of certain musical compositions licensed by BMI, the copyrights of which are owned by the other Plaintiffs, arising out of unauthorized public performances of those musical works (Doc. 1). Defendants failed to timely respond following service, and on November 12, 2019, the Clerk of Court entered defaults. (Docs. 14, 15, 16). Plaintiffs subsequently filed the present Motion for Default Judgment. No response has been filed, and the time for doing so has expired.

## II.  STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is only deemed to have admitted the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other

matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

## III.  DISCUSSION

### A. The Allegations in the Complaint

The well-pled allegations of fact deemed to be admitted include:

> 10. Defendant Dominick's To Go of Winter Springs, LLC is a limited liability company organized and existing under the laws of the state of Florida, which operates, maintains and controls an establishment known as Dominick's Restaurant, located at 1301 Winter Springs Blvd., Winter Springs, FL 32708, in this [D]istrict (the "Establishment").
>
> 11. In connection with the operation of the Establishment, Defendant Dominick's To Go of Winter Springs, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.
>
> 12. Defendant Dominick's To Go of Winter Springs, LLC has a direct financial interest in the Establishment.
>
> 13. Defendant Mary Commesso is a manager/member of Defendant Dominick's To Go of Winter Springs, LLC with responsibility for the operation and management of that limited liability company and the Establishment.
>
> 14. Defendant Mary Commesso has the right and ability to supervise the activities of Defendant Dominick's To Go of Winter Springs, LLC and a direct financial interest in that limited liability company and the Establishment.
>
> 15. Upon information and belief, Defendant Dominic Commesso is an owner of Defendant Dominick's To Go of Winter Springs, LLC with responsibility for the operation and management of that limited liability company and the Establishment.
>
> 16. Upon information and belief, Defendant Dominic Commesso has the right and ability to supervise the activities of Defendant Dominick's To Go of Winter Springs, LLC and a direct financial interest in that limited liability company and the Establishment.

. . . .

18. Since March of 2018, BMI has reached out to Defendants over eighty (80) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

19. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.

20. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.

21. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

25. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have

>caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

(Doc. 1.)

### B. Service of Process

As an initial matter, the Court finds that service of process was proper on all three Defendants. Mary Commesso was personally served with the Complaint, and Dominic Commesso was substitute served through his wife at their shared residence. (Docs 8, 9); Fed. R. Civ. P. 4(e)(2)(A), (B). The Establishment was served through Mary Commesso, the Establishment's manager, at her residence. (Doc. 7); Fed. R. Civ. P. 4(h)(1)(A); Fla. Stat. § 48.062(4).

### C. Copyright Infringement

To establish copyright infringement for unauthorized performance of musical compositions, a plaintiff must demonstrate five elements:

>(1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive permission from any of the plaintiffs or their representatives for such performance.

*Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1258 (11th Cir. 2014) (internal quotation marks omitted).

Upon review of the well-pled allegations set forth above and the supporting Declarations, the Court finds Plaintiffs have made an acceptable showing as to each of these elements against the Establishment. (Doc. 1, ¶¶ 3, 4, 18–25.) Plaintiffs have alleged that, other than BMI, they are

the owners of the copyrights of the musical compositions at issue here. (*Id.*, ¶ 4.) Plaintiffs allege that Defendants allowed unauthorized public performances of the musical compositions in licensor BMI's, repertoire. (*Id.*, ¶¶ 19, 23.) And finally, at no time did Defendants receive permission to do so, as Plaintiffs reached out to Defendants over 80 times informing them of the requirement to purchase a license. (*Id.*, ¶ 18.)

With respect to the Individual Defendants, Plaintiffs have alleged that they had the right and ability to supervise the activities of the Establishment and a direct financial interest in that corporation. (Doc. 1, ¶¶ 14, 16). One "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Absent contradiction, Plaintiffs' allegations are sufficient to establish vicarious liability for copyright infringement of the Individual Defendants. Thus, the Court finds liability is established against all Defendants.

### D. Statutory Damages

In awarding damages under the United States Copyright Act, the copyright owner may recover "statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, the statutory damages to be awarded under the Copyright Act may be reduced to as low as $200 per work infringed per defendant where the infringer sustains the burden of proving that he was not aware and had no reason to believe that his acts constituted copyright infringement. 17 U.S.C. § 504(c)(2). Additionally, the Court may increase the statutory damages to as much as $150,000 per work infringed where the copyright owner sustains the burden of proving that the infringement was committed willfully. *Id.*

The Court has wide discretion in setting an amount of statutory damages. *Tiffany (NJ), LLC v. Dongping*, No. 10-61214-civ, 2010 WL 4450451, at *6 (S.D. Fla. Oct. 29, 2010) (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.,* 902 F.2d 829, 852 (11th Cir. 1990). In determining a statutory damages award under the Copyright Act, courts consider factors such as:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Rolex Watch U.S.A., Inc. v. Lynch*, No. 2:12-cv-542-FTM-38UAM, 2013 WL 2897939, at *5 (M.D. Fla. June 12, 2013) (internal quotation marks omitted).

Applied here, Plaintiffs have established that this is not a case of innocent infringement. Defendants were repeatedly advised by BMI on over 80 occasions that they were infringing on Plaintiffs' copyrights and that they could be held liable for significant damages. BMI called the Establishment twenty-three times and sent sixty-eight letters and emails to attempt bring Defendants into compliance through the purchase of a license. Notwithstanding, Defendants have refused to obtain a license from the Plaintiffs even though they continued to perform or caused to be performed Plaintiffs' musical works. *See* Declaration of Brian Mullaney (Doc. 17-2, ¶ 3–6, 15) (confirming infringement and noting: "Had the Defendants entered into an agreement at the time BMI first contacted them in April 2018, the estimated license fees between April 2018 and the present would have been approximately $3,049.80.") The Court also recognizes that the imposition of statutory damages serves to sanction or punish defendants in order to deter wrongful

conduct. *See St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1205 (11th Cir. 2009).

Defendants were advised on numerous occasions that they needed a license to for the public performance of Plaintiffs' musical compositions. Defendants, however, refused to obtain a license and continued performing Plaintiffs' musical works. In view of the foregoing, Plaintiffs' request of an award of $15,249.00 in statutory damages, representing five times the lost licensing fees for the six acts of infringement described in the Complaint, is reasonable and well within the statutory limits. *See Broadcast Music, Inc. v. R&B Coal, Inc.*, No. 6:16-cv-108-Orl-37DAB, 2016 WL 11464341, *4 (M.D. Fla. May 12, 2016), *report and recommendation adopted*, 2016 WL 11464340 (M.D. Fla. July 7, 2016) (awarding similar statutory damages).

### E. Injunctive Relief

Plaintiffs also request that the Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502. Pursuant to 17 U.S.C. § 502(a), this court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Id.*

Applying the four factors here, the Court finds the threat is ongoing, as shown by Defendants' failure to cease the infringing activities, despite repeated notice, causing irreparable injury. Although Plaintiffs have provided some evidence as to the monetary scope of the harm (such as license fees lost), if not enjoined, Defendants will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money. Defendants would suffer minimal, if any, hardship as a result of the injunction being issued. On the other hand, Plaintiffs could sustain hardship, including lost revenue, if Defendants are not enjoined from engaging in the infringing activity. Finally, there is no indication that the public interest would be disserved by the issuance of a permanent injunction against Defendants. Therefore, upon review of the well-pled allegations, taken as true, the Court finds granting a permanent injunction in the form requested in the proposed Final Judgment (Doc. 17-4) to be appropriate.

### F. Attorneys' Fees and Costs

Plaintiffs, as the prevailing party, request an award of reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505, which provides, "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *See also Evie's Tavern Ellenton,* 772 F.3d at 1261 (affirming award of attorneys' fees and costs to BMI).

According to the Declaration filed, Plaintiffs have incurred attorneys' fees in the amount of $3,000.00, subject to a fee agreement with their client. (Doc. 17-3). Plaintiffs have also incurred the following costs: $400.00 (filing fee) and $150.00 (process server costs). Upon review of Plaintiffs' Motion and accompanying Fee Declaration (Doc. 17-3), the Court determines that the

attorney's fees and costs requested are reasonable under the circumstances of this case and should be awarded.

## IV.     RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that Plaintiffs' Motion for Final Default Judgment Against Defendants (Doc. 17) be **GRANTED** and the Court enter a Default Final Judgment, providing:

(a) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b) Defendants pay statutory damages in the amount of $15,249.00, representing an award of five times the lost licensing fees for the six acts of infringement, pursuant to 17 U.S.C. § 504(c);

(c) Defendants pay Plaintiffs' costs of $400.00 (filing fee), $150.00 (process server costs), and reasonable attorneys' fees of $3,000 totaling $3,550.00; and

(d) Defendants pay interest on these awards pursuant to 28 U.S.C. § 1961

all as set forth in the proposed Final Judgment (Doc. 17-4).

## **NOTICE TO PARTIES**

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 6, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties